SKAGGS v. JOHNSON.

Opinion delivered November 11, 1912.

1.  LIBEL AND SLANDER—MEANING OF WORDS.—In ascertaining the meaning of words written to determine whether or not they are libelous, the entire article must be construed. (Page 257.)

2.  SAME—MEANING OF WORDS.—Words alleged to be libelous are to be taken in their plain and natural meaning, and to be understood by courts and juries in their ordinary acceptation and according to the sense in which they appear to have been used and the ideas they are adapted to convey to those who heard or read them. (Page 257.)

3.  SAME—WHEN WORDS NOT LIBELOUS PER SE.—Where defendant charged plaintiff with having violated the law by taking the school census six weeks too early, and quoted plaintiff's reasons for so doing, and then added: "Without any insinuation but as an illustration; a man's motive is no excuse for his stealing," the words quoted are not libelous *per se*, and it was a question for the jury whether the article was libelous. (Page 257.)

Appeal from Clay Circuit Court, Eastern District; *W. J. Driver*, Judge; reversed.

STATEMENT BY THE COURT.

Appellee brought suit against appellant for damages for the publication of an alleged libel, as follows:

"*But Mr. Johnson's memory is very bad in some respects.*
"W. H. Johnson, in his communication published in

*The Soliphone*, denies that he told certain parties that he was taking the census in May in order to get the names of those who were moving away. Whenever it is legally necessary, we will prove that Mr. Johnson's memory on this point is poor; that, when asked why he was taking the census so early, he said these words, or something very similar: 'Why, there are people moving away from here every day.' There is more than one person in Paragould who heard Mr. Johnson make this very statement or one exactly of the same import.

"Mr. Johnson, as he nears the end of his article, refreshes his memory and says: 'I did make this statement to some parties who were talking to me—that there were a few families moved away from Paragould after I took the census, but I did not know they were going away at the time, neither did the board.' He says he thinks 'that there were as many families moved in as moved out. So the district is about even.' This is a great explanation.

"But we are grateful for his acknowledgment made in his attempt to explain. If Mr. Johnson and the school board intended to do the fair thing, or violate the law as little as possible, why didn't he ask, or why didn't the directors require Mr. Johnson to ascertain, what families were intending to move away before the first day of July?

"For this violation of the law by taking the school census six weeks too soon Mr. Johnson says he had two reasons: he did not have anything else to do, and he needed the money to go to the reunion.

"Without any insinuation, but as an illustration: a man's motive is no excuse for his stealing."

It was alleged that defendant maliciously intended to injure plaintiff in his good name, and to cause it to be believed that he had committed the crime of larceny by such publication, and thereby to charge him with being guilty of the crime of larceny and cause it to be believed that he had stolen and would steal. It was also alleged that he was the publisher of the paper in which the article appeared, which was of general circulation in certain counties of the State, in which appellee was well known.

The publication of the article was admitted, but it was denied that it was done maliciously or with the intent to injure

plaintiff in his good name, or to cause it to be believed that he had committed the crime of larceny. It was also averred that the only accusation made by appellant in the article, and the only one he intended to make, was that appellee took the school enumeration of the Paragould Special School District at a time not authorized by law, and that the charge was preferred without malice on appellant's part and the truth of it pleaded in bar of the actiom.

The court instructed the jury, giving, among others, over appellant's objection, instruction numbered 3, as follows: "I charge you that the article published by the defendant and set out in the complaint of plaintiff is libelous *per se,* and that it was not privileged, and that plaintiff is entitled to recover in this action."

The jury returned a verdict against appellant, and from the judgment thereon he appealed.

*R. P. Taylor, M. P. Huddleston* and *R. H. Dudley,* for appellant.

The truthfulness of the accusations in the article complained of has been conclusively established, unless it can be said that one of the accusations consists in preferring the charge of theft. The facts, the face of the article itself, make it clear that appellant made no accusation of theft. As to the word steal—its meaning—see 65 Ark. 82; 8 Okla. 28; 56 Pac. 708. It is used in the article complained of in a figurative sense only, but if it had been used in a literal sense and applied directly to appellee, there could be no recovery. It is necessary that an offense be larceny in order for the use of the word "steal" in connection therewith to be actionable. 25 Am. Dec. 513; 30 Am. Dec. 573; 22 Am. Rep. 548; 59 Mo. 144; 40 O. St. 99; Newell on Slander and Libel, (2 ed.), 292 *et seq.*; 72 N. Y. 419; 151 Fed. 114; 47 So. 774; 51 N. W. 559; 27 N. W. 13; 60 N. W. 476; 95 N. W. 955; 48 Md. 494; 30 Am. Rep. 481; 24 L. R. A. (N. S.) 891; 104 Pac. 956; 113 Ill. App. 447.

*S. R. Simpson* and *L. Hunter,* for appellee.

If the language used is libelous *per se,* that is, if it means to charge appellee with larceny or impute to him any dishonest conduct, when construed in the plain and ordinary sense in

which the public naturally understood it, then instruction
No. 3 was correct.   92 Ark. 488; 90 Ark. 120.   See also 96
Ark. 356; 86 Ark. 50; 25 Cyc. 275; *Id.* 360, 361, 364; *Id.* 250,
253; 84 Ark. 489; 4 Ark. 110; Kirby's Dig., § 1850.

KIRBY, J., (after stating the facts).   It is no longer
questioned that, in ascertaining the meaning of words written
to determine whether or not they are libelous, the entire
article must be construed.   *Miller* v. *State,* 81 Ark. 363.   It
is also true, the rule now is that the words used are to be
taken in their plain and natural meaning and understood by
courts and juries in their ordinary acceptation as other people
would understand them and according to the sense in which
they appear to have been used and the ideas they are adapted
to convey to those who heard or read them.   *Jackson* v.
*Williams,* 92 Ark. 489.

If the words,   "A man's motive is no excuse for his steal-
ling," had been spoken alone or used in such connection as to
show or indicate that appellee was guilty of larceny, there is
no question but that it would be libelous *per se.*   *Murray* v.
*Galbraith,* 86 Ark. 55; *Greer* v. *Whi e,* 90 Ark. 119.   This sen-
tence, however, does not appear alone, but as a conclusion
to an article criticising appellant for taking the school census
at a time not authorized by law and his reasons for so doing,
and expressly states that it was used by way of illustration.

It is not disputed that the census was taken at a time
not authorized by law, nor that appellant made statements
relative thereto and the reasons in explanation thereof, as
stated in the published article.   If the sentence complained
of as charging the commission of a crime was used by way of
illustration only, as the article expressly says, it would not
have amounted to a charge of larceny against appellee, who
was only charged in the article in which it appeared with
taking the census earlier than the law warranted, because, as
he said, he had the time and needed the money.   It but only
accentuated the criticism that no good motives warranted the
taking of the school census earlier than the law required, nor
rendered one so taken valid.   It could not have amounted
to charging appellant with stealing, in the sense of committing
the crime of larceny, and is not libelous *per se,* and the court
erred in declaring it so.   It was a question for the jury to say,

under proper instructions, whether the article was libelous within the meaning of the statute defining libel, and said instruction withdrew it from them.

We do not set out the other instructions with a view to approving them for the reason that on the next trial the case will be submitted to jury on the issue as to whether or not defendant meant to impute moral turpitude in an actionable manner.

For the error indicated, the judgment is reversed, and the cause remanded for a new trial.